

## EXHIBIT 2
## TO
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# THE IDAHO ATTORNEY DISCIPLINARY PROCESS

*The Idaho Supreme Court's Connection at Every Stage — Grievance to Final Judgment*

## THE FOUNDATION — AUTHORITY FIXED BEFORE ANY GRIEVANCE IS FILED

| IT WRITES THE RULES | IT SEATS THE ADJUDICATORS | IT ENTERS FINAL JUDGMENT |
|---|---|---|
| No disciplinary rule is effective until approved by the Supreme Court. I.C. §§ 3-412, 3-413; I.B.C.R. 101 | The Professional Conduct Board and its Hearing Committees exist only by the Court's approval of each appointment. I.B.C.R. 502(a), (c)(5) | "The supreme court shall thereupon enter such judgment … as it deems proper." I.C. § 3-408; I.B.C.R. 511(k) |

**1 · GRIEVANCE & EVALUATION — Bar Counsel**

A written grievance is filed; Bar Counsel evaluates whether the facts alleged, if true, would violate the Rules of Professional Conduct, and refers, declines, or opens an investigation. I.B.C.R. 509(a), 501(h)

*INDIRECT — Bar Counsel acts only under the Court-approved Rules; the I.R.P.C., promulgated by the Court, is the measure of misconduct. I.B.C.R. 101, 505(a)*

**2 · INVESTIGATION — Bar Counsel**

Before any charge is filed, Bar Counsel may compel testimony and documents by investigatory subpoena. I.B.C.R. 509(b), 524(a)

*INDIRECT — subpoenas are enforced by the courts; the contempt remedy lies on application to the Supreme Court. I.B.C.R. 524(c); I.C. § 3-414*

**3 · DISPOSITION BY BAR COUNSEL**

Dismissal, or the private tier: informal admonition or private reprimand — unpublished, with no effect on the license. I.B.C.R. 509(c), 506(g)–(h)

*ABSENT — only Bar Counsel may impose the private, unpublished tier; on review, a Hearing Committee may affirm, reject, modify, or remand. I.B.C.R. 506(g)–(h), 509(d)*

**4 · HEARING COMMITTEE REVIEW**

Either party may seek review within 14 days; the Committee may dismiss, affirm, reject, modify, or remand. I.B.C.R. 509(d), 503

*DIRECT — any sanction resulting from review may be taken to the Supreme Court by petition within 21 days. I.B.C.R. 509(d)(9)*

**5 · PROBABLE-CAUSE GATE — Board of Commissioners**

The Board must find probable cause that grounds for sanctions exist before Bar Counsel may file a Formal Charge complaint. I.B.C.R. 511(a), 509(c)(5)

*INDIRECT — the Board "shall recommend to the supreme court" the discipline it finds warranted. I.C. §§ 3-408, 3-412*

**6 · FORMAL CHARGE HEARING — Hearing Committee**

The rules of evidence apply, and Bar Counsel bears the burden of proof by clear and convincing evidence. I.B.C.R. 511(b)–(g), 525(c)–(e)

*INDIRECT — the hearing proceeds under the Court's rules; statutory rights and Supreme Court review are guaranteed. I.C. § 3-415*

**7 · FINDINGS & RECOMMENDATION**

The Committee issues findings of fact, conclusions of law, and a recommended sanction — for the serious sanctions, a recommendation only. I.B.C.R. 511(h)

*INDIRECT — "this Court bears the ultimate responsibility for ordering the suspension of an attorney." Jenkins & Stosich, 127 Idaho at 414*

**8 · ROUTING BY RECOMMENDED SANCTION**

Public reprimand: the Professional Conduct Board imposes it if not appealed. Public censure, suspension, or disbarment: the Clerk "shall transmit" the record to the Supreme Court. I.B.C.R. 511(i)–(j), 506(e)

*DIRECT — the Clerk "shall transmit" the record to the Supreme Court, which may suspend the respondent pending its resolution. I.B.C.R. 511(j)*

**9 · SUPREME COURT REVIEW**

Appeal lies within 21 days — and absent any appeal, the Court may order review on its own motion, modify the recommendation, or remand, on its own independent review of the record. I.B.C.R. 511(k)(1)–(2)

*DIRECT — "This Court will make its own independent assessment of the record." Jenkins, 120 Idaho at 383; accord Tway, 128 Idaho at 799*

**10 · FINAL JUDGMENT — Supreme Court (Terminal)**

Only the Supreme Court may disbar, suspend, publicly censure, impose license-limiting probation, or accept a resignation in lieu of discipline. The Court enters the final judgment. I.B.C.R. 506(a)–(d), (f); I.C. § 3-408

*DIRECT & EXCLUSIVE — "Only the Supreme Court may order disbarment in this State." I.B.C.R. 506(a)*

**IDAHO SUPREME COURT**

**LEGEND:** ➡ DIRECT — the Court itself acts     - - -▶ INDIRECT — structural control (the Court's rules, appointees, or review)     ········ ABSENT (private tier only)

# SANCTIONING AUTHORITY UNDER I.B.C.R. 506 — WHO MAY IMPOSE WHAT

| SANCTION | IMPOSING AUTHORITY | PUBLISHED? | AUTHORITY |
|---|---|---|---|
| Informal admonition | Bar Counsel only | No | I.B.C.R. 506(h) |
| Private reprimand | Bar Counsel only (review may affirm or reject) | No | I.B.C.R. 506(g) |
| Public reprimand | Professional Conduct Board (appealable to the Court) | Yes | I.B.C.R. 506(e); 511(i) |
| Public censure | SUPREME COURT ONLY | Yes | I.B.C.R. 506(d) |
| Suspension | SUPREME COURT ONLY | Yes | I.B.C.R. 506(c) |
| Interim suspension | SUPREME COURT ONLY — before any misconduct finding | Yes | I.B.C.R. 510 |
| License-limiting probation | SUPREME COURT ONLY | — | I.B.C.R. 506(f) |
| Disbarment | SUPREME COURT ONLY | Yes | I.B.C.R. 506(a) |
| Resignation in lieu of discipline | SUPREME COURT MUST APPROVE | Yes | I.B.C.R. 506(b) |
| Disability inactive status | SUPREME COURT ONLY | Order public | I.B.C.R. 515 |

**Every sanction that is published, or that limits the right to practice, may be imposed only by — or with the approval of — the Supreme Court. I.B.C.R. 506(a)–(f), 510, 515. Bar Counsel and the Professional Conduct Board may impose only the unpublished sanctions and the public reprimand. I.B.C.R. 506(e), (g)–(h).**

# PARALLEL TRACKS — I.B.C.R. 507–518

## INTERIM SUSPENSION — I.B.C.R. 510

Only the Supreme Court may order interim suspension, on Bar Counsel's petition filed directly with the Court and before any adjudication of misconduct. Notice requires a "reasonable attempt" made contemporaneously with filing; the order issues from, and is served by the Clerk of, the Supreme Court.

I.B.C.R. 510(a)–(e)

## DISABILITY INACTIVE STATUS — I.B.C.R. 515

Transfer to disability inactive status is ordered by the Supreme Court; on a judicial adjudication of incompetence, transfer is mandatory and immediate. On reinstatement, the lawyer bears the burden by clear and convincing evidence that the disability has been removed, and filing waives the doctor-patient privilege.

I.B.C.R. 515(a)–(c); 525(d)

## REINSTATEMENT AFTER SUSPENSION — I.B.C.R. 518

A suspension of 90 days or less ends automatically upon a compliance affidavit. A suspension of more than 90 days requires a petition and hearing at which the lawyer bears the burden by clear and convincing evidence, ending in an "order of the Supreme Court" — which may require retaking the bar exam.

I.B.C.R. 518(a)–(c)

## STIPULATED & WITHHELD SANCTIONS — I.B.C.R. 514, 507

A stipulation to public censure, suspension, or disbarment goes to the Supreme Court, which "may impose the Sanction it deems appropriate on the record." A withheld sanction originally imposed by the Court is re-imposed, on violation, by the Court.

I.B.C.R. 514(a)–(b); 507(c)(2)

## GRIEVANCES AGAINST COMMISSIONERS, BOARD MEMBERS, OR BAR COUNSEL — I.B.C.R. 508

Grievances against a Bar Commissioner or a Professional Conduct Board member "shall be submitted directly to the Supreme Court," which may consider the matter, appoint an investigator or independent counsel, or cause formal charges to be filed. Grievances against Bar Counsel are heard by a Hearing Committee appointed "with the approval of the Supreme Court." I.B.C.R. 508(a)–(b).

## IN THE COURT'S OWN WORDS

The bar commissioners "are part of the judicial rather than the executive branch." Matter of Malmin, 126 Idaho 1024, 1027–28 (1995). "The supreme court shall thereupon enter such judgment in said matter as it deems proper." I.C. § 3-408.