

**<u>EXHIBIT 7</u>**
**TO**
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF**

# THE IDAHO JUDICIAL COUNCIL

Control of Judicial Selection at Every Stage — From the Council's Own Authorities

*Idaho Const. art. V, § 6: Justices are "elected by the electors of the state at large." Art. V, § 11: District Judges are "chosen by the qualified electors" of their districts. Idaho Code § 1-702: nonpartisan judicial elections.*

---

## THE FOUNDATION — NINE SEATS, AND WHO FILLS THEM
*Idaho Code § 1-2101*

### THE COURT CHAIRS IT

The Chief Justice of the Idaho Supreme Court is the Council's ninth member — and its chair.

### THE COURT SOURCES THE JUDGES

The judge members — one District Judge, one Magistrate Judge — are appointed by the Governor from a list created by the Idaho Supreme Court.

### THE BAR NAMES THE LAWYERS

The two attorney members are nominated by the Idaho State Bar; four non-attorney members come "from the residents of the state of Idaho," undefined further. Senate ratification is the Legislature's only role.

### I D A H O J U D I C I A L C O U N C I L

## THE PIPELINE — HOW A VACANCY BECOMES A JUDGE
*Idaho Judicial Council Gen. R. Proc. 23–25*

**1 · VACANCY & NOTICE**
A judge departs; the Council receives notice of the vacancy and publishes it.
*I.J.C. Gen. R. Proc. 23*

Timing: 74.1% of constitutional-seat departures 2016–2026 were midterm — the ballot is already out of reach. Ex. 6, Table C.

**2 · APPLICATIONS & SCREENING**
Attorneys submit applications; applicants are screened for statutory compliance.
*I.J.C. Gen. R. Proc. 23–24*

The pool is defined and vetted inside the profession, not by the electorate.

**3 · PEER SURVEY**
Applicants are peer-vetted through surveys of attorneys and judges — the membership of the Idaho State Bar.
*I.J.C. Gen. R. Proc. 24*

The Bar that names two Council seats also supplies the vetting instrument.

**4 · INTERVIEW & SUBMISSION**
The Council interviews the candidates and submits its choice to the Governor.
*I.J.C. Gen. R. Proc. 25*

The choice is made here; what follows ratifies it.

**5 · APPOINTMENT**
The Governor appoints.
*I.J.C. Gen. R. Proc. 25; see Compl. ¶ 42*

"In law … an exception to the electoral default. In practice, it is the rule": 54 of 72 district judges, 2012–2022. Ex. 6, Table A.

**6 · THE STATUTORY RUNWAY**
The appointee "shall hold office until the next general election for district judges occurring at least one year following the date of the judge's appointment" — re-keyed in 2022 to the next "judicial nominating" election.
*2002 Sess. Laws ch. 214 (S.B. 1312); 2022 Sess. Laws ch. 85 (S.B. 1288) (both emergency; amending I.C. § 1-702)*

A vacancy within a year of the ballot skips that ballot; the first appearance before the voters comes later, as a sitting incumbent.

**7 · THE ELECTION THAT REMAINS**
The sitting incumbent appears on a nonpartisan ballot.
*I.C. § 1-702*

**THE ELECTORATE**
the default art. V, §§ 6 and 11 name — reached in 1 of 27 departures, 2016–2026.

Unopposed in 106 of 122 events (86.9%); an appointed incumbent drew an opponent 3 times in 52 appearances. Ex. 6, Table B.

*the bench so selected — including elevation to the Court that chairs the Council — renews the circle (Ex. 6, Table C: the 2023 elevation)*

## THE RESULT
*Exhibit 6, and the certified sources identified there*

| | | | |
|---|---|---|---|
| **89.1%** | **3 of 4** | **74.1%** | **96.3%** |
| of sitting District Judges reached the bench by appointment (41 of 46) | arrivals 2012–2022 were by appointment (54 of 72 — 75.0%) | of departures 2016–2026 were midterm (20 of 27) | of those departures never reached a ballot (26 of 27) |