# APPENDIX A
## TO
## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**THE MOTION IN ONE SENTENCE**

Plaintiff asks this Court to restrain one specified act — the initiation of Formal Charges against him under I.R.P.C. 3.1, 8.2(a), or 8.4(d) premised on the statements catalogued in the March 3, 2025 opinion — until final judgment. No damages are sought. Compl. ¶¶ 2, 93(C)–94.

**GATE 1 — STANDING AND RIPENESS · Mem. Pt. I**

A credible threat of enforcement exists several ways: a self-initiated file (No. 25-104C) open since March 3, 2025; identified rules aimed at identified statements; a demanded response; and no disavowal. *SBA List*, 573 U.S. 149, 159–64; *Peace Ranch*, 93 F.4th 482, 485 (9th Cir. 2024). Compl. ¶¶ 8, 56–63.

**ANTICIPATED: "No injury until a charge issues."**

Answered: there is no bet-the-license requirement. *MedImmune*, 549 U.S. 118, 128–29. And the threatened process can itself impose discipline — Bar Counsel holds private-discipline power at the investigation's end. I.B.C.R. 509(c)(1); Compl. ¶ 67.

**GATE 2 — YOUNGER ABSTENTION · Mem. Pt. II**

No state proceeding is pending. Idaho law fixes commencement at the filing of a Formal Charge complaint, gated by the Board of Commissioners' probable-cause approval — neither has occurred. I.B.C.R. 511(a)–(b); *Canatella*, 404 F.3d 1106, 1110 (9th Cir. 2005). An investigation alone is not a proceeding. *Seattle Pacific Univ.*, 104 F.4th 50, 60–61 (9th Cir. 2024). Compl. ¶¶ 6, 64.

**ANTICIPATED: "Middlesex requires abstention."**

Answered: *Sprint* cabined *Middlesex* to three exceptional categories, 571 U.S. 69, 79–80; none fits a pre-charge file, and Idaho's Rules declare the proceedings "sui generis." I.B.C.R. 525(a). If a charge issues mid-case, abstention turns on whether proceedings of substance on the merits occur here first. *Hicks*, 422 U.S. 332, 349; *Midkiff*, 467 U.S. 229, 238 — hence the accompanying Motion to Expedite. In the alternative, the bad-faith and biased-forum exceptions apply. *Kugler*, 421 U.S. 117, 126 n.6; *Gibson*, 411 U.S. 564, 578–79.

**GATE 3 — ELEVENTH AMENDMENT; EX PARTE YOUNG · Mem. Pt. III**

Every Defendant is a state officer sued in official capacity for prospective relief only. *Ex parte Young*, 209 U.S. 123. Bar Counsel is a proper defendant, *Crowe*, 112 F.4th 1218 (9th Cir. 2024); the Justices are proper in their enforcement, rulemaking, and administrative capacities. *Consumers Union*, 446 U.S. 719, 734–37; *Munoz*, 91 F.4th 977, 981 &amp; n.2 (9th Cir. 2024). Compl. ¶¶ 9–11.

**ANTICIPATED: "Judicial immunity; § 1983's judicial-officer proviso."**

Answered: no relief is sought against any judicial act — the Complaint disclaims judicial capacity expressly. Compl. ¶¶ 10, 94. The proviso does not reach non-judicial capacities, *Wolfe*, 392 F.3d 358, 366 (9th Cir. 2004) (holding preserved by *Munoz* ); *Moore v. Urquhart*, 899 F.3d 1094 (9th Cir. 2018) — and the prayer is declaratory-first.

**GATE 4 — ROOKER-FELDMAN AND PRECLUSION · Mem. Pt. IV**

This is not an appeal of any state judgment. The injury is the investigation and the threatened enforcement — not the I.A.R. 11.2 sanction, which Plaintiff satisfied in full and pleads as background only. *Exxon Mobil*, 544 U.S. 280, 284; *Searle*, 148 F.4th 1121 (9th Cir. 2025). Compl. ¶¶ 1, 36, 94.

**ANTICIPATED: "The opinion's findings preclude relitigation."**

Answered: findings entered sua sponte, without notice, briefing, or hearing, were not actually litigated and cannot satisfy Idaho's preclusion elements — and a proceeding must satisfy due process to receive full faith and credit at all. *Kremer*, 456 U.S. 461, 481–83.

**GATE 5 — IMMUNITIES AND THE ANTI-INJUNCTION ACT · Mem. Pt. III**

Section 1983 is an express statutory exception to the Anti-Injunction Act. *Mitchum*, 407 U.S. 225, 242–43. Quasi-prosecutorial and legislative immunities bar damages — and none are sought. *Flint*, 488 F.3d 816 (9th Cir. 2007); Compl. ¶ 12.

**THE MERITS — THE WINTER FACTORS · Mem. Pt. V**

Likelihood of success (the most important factor): every catalogued statement is opinion, rhetorical hyperbole, or criticism from a disclosed record; the Bar bears the burden of proving falsity and scienter by clear and convincing evidence, judged objectively. *Yagman*, 55 F.3d 1430, 1437–41 (9th Cir. 1995); I.B.C.R. 525(d)–(e); *Counterman*, 600 U.S. 66, 75–79; *Chiles*, 146 S. Ct. 1010 (2026) (no professional-speech discount). Retaliation: a same-day, self-initiated file, with no complainant, founded solely on the opinion. *Mt. Healthy*, 429 U.S. 274, 287; *Boquist*, 32 F.4th 764, 775. Structural due process: objective probability of bias; no accusation of actual bias. *Williams*, 579 U.S. 1, 8; *Gibson*, 411 U.S. at 578–79. Compl. ¶¶ 34, 71–87. Irreparable harm: *Elrod*, 427 U.S. 347, 373; the withheld national study; perpetual exposure under I.B.C.R. 525(o). Compl. ¶¶ 63, 68. Equities and the public interest merge in Plaintiff's favor. *Junior Sports*, 80 F.4th 1109, 1115–16. Bond: waived. *Jorgensen*, 320 F.3d 906, 919; *Robinson v. Labrador*, 747 F. Supp. 3d 1331 (D. Idaho 2024).

**ANTICIPATED: "Lawyer speech enjoys less protection."**

Answered: licensed professionals receive full First Amendment protection. *Chiles*, 146 S. Ct. 1010. And the Idaho Supreme Court itself rejected a vaguer attorney-speech rule as content-based, overbroad, and vague, closing with Brandeis: "more speech, not enforced silence." *In re Resolution 21-01*, 582 P.3d 1 (Idaho 2023).

**THE ORDER — NARROW BY DESIGN · Mem. Pt. VI**

One officer bound; one specified act restrained; Rule 65(d)(2) verbatim; effective until final judgment. Nothing continuing, nothing supervisory. *Doran*, 422 U.S. 922, 928–31; *O'Shea*, 414 U.S. 488; *Del Webb*, 652 F.3d 1145, 1150–52 (9th Cir. 2011).

**WHAT IS NOT SOUGHT — AND THE DOCTRINE EACH DISCLAIMER ANSWERS**

No damages (retires every damages immunity) · No review of any Idaho judgment (Rooker-Feldman honored by design) · No restraint on any Rule 509 investigative activity (comity preserved) · No relief against any judicial act ( *Whole Woman's Health v. Jackson* honored) · Nothing continuing or supervisory ( *O'Shea* discipline). Compl. ¶¶ 12, 93–94.

*Demonstrative appendix for the Court's convenience. Every proposition above is developed in Plaintiff's Memorandum at the Part indicated; citations are abbreviated here and appear in full in the Memorandum and its Table of Authorities.*