

**EXHIBIT 9**
**TO**
**DECLARATION OF ANGELO L. ROSA IN SUPPORT OF**
**MOTION FOR A PRELIMINARY INJUNCTION**

Electronically Filed
11/19/2022 5:54 PM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: Sandra Crites, Deputy Clerk

Angelo L. Rosa (ISB No. 7546)
Mary S. Amschel (ISB No. 10150)
ROSA PLLC
950 West Bannock Street, Suite 1100
Boise, Idaho 83702
Telephone:     +1 (208) 900-6525
Fax:     +1 (208) 515-2203
e-Mail:     arosa@rosacommerce.com
          mamschel@rosacommerce.com


Attorneys for Plaintiffs
JULENE DODD and WILLIAM DODD

## IN THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF IDAHO

## IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| JULENE DODD, as an individual and member of a marital community under Idaho law, and WILLIAM DODD, as an individual and member of a marital community under Idaho law,<br><br>    Plaintiffs,<br><br>    v.<br><br>RORY JONES, ESQ., an individual residing in the State of Idaho, and JONES WILLIAMS FUHRMAN GOURLEY, P.A., an Idaho professional service corporation, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.  CV01-21-18926<br><br><br><br>**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** |

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 1

## AMENDED EXPERT WITNESS DECLARATION OF FRED SIMON, M.D.

1.     I am over the age of eighteen (18) and a resident of Douglas County, State of Nevada. I am not a party to the aforementioned legal action.

2.     I have been engaged as a designated witness on behalf of the Plaintiffs, Julene D. Dodd and William Dodd.

3.     The purposes of this Declaration are to authenticate the attached amended/supplemental expert opinion report, to attest to certain facts establishing my qualification to render an expert opinion in this particular action, and to supplement the contents of my initial declaration in light of materials produced by and/or filed by the Defendants in this matter since my initial report and declaration. I have personal knowledge of the matters attested to herein as they relate to my qualifications as an expert and the opinions expressed in my capacity as such. This is a supplement to the report of expert opinions submitted on or about September 9, 2022. The principal reasons for these amendments are (a) specify which records (previously disclosed in my September 9, 2022 declaration) support which statements; (b) to clarify the information upon which my familiarity with the standard of care in the community where the healthcare services at issue were rendered; and (c) to provide a preliminary assessment of the materials submitted by the defendants in this matter that post-date my initial report.

### Background and Professional Qualifications

4.     I am a physician and board-certified General Surgeon.

5.     I have been a physician for forty-one (41) years.

6.     I am licensed to practice medicine in the State of Idaho and have been licensed to practice in Idaho for thirty-four (34) years.

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 2

7.    I hold a Bachelor of Arts degree in Biology from Loma Linda University (conferred in 1977) and a Medical Decree from Creighton University (conferred in 1981).

8.    I have been Board Certified by the American Board of Surgery in General Surgery since 1993. I was re-certified 2003 and again in 2012.

9.    My permanent surgical practice began in 1990 at Mercy Hospital in San Diego, California with a consistent general surgery and trauma practice through 2022. I was also in practice in 1997-2012 Trauma & General Surgery at Scripps Memorial Hospital, La Jolla, California Level 2 Trauma Center doing acute care and elective surgical procedures. I am on my seventh episode of ATLS which is a trauma life support certification. I have also served as an Associate Medical Director from 1997-2000, a Medical Director of Trauma 2000-2012 and a Medical Director of a Trauma Intensive Care Unit from 2000-2012.

10.    My recent medical and surgical experience in the State of Idaho includes the following: I served as a locum tenens general and trauma surgeon at Portneuf Medical Center in Pocatello, Idaho from 2016-2018. I am familiar with the care in Idaho Falls, Idaho and have toured the medical center, EIRMC. I toured St. Alphonsus Medical Center in the early 2000s as a visitor/consultant on acute care surgery, interviewed in Nampa, Idaho for a private practice general surgical position, interviewed and practiced as a locum tenens surgeon in Gooding, Idaho and interviewed for a general surgical position in Caldwell, Idaho. I have also interviewed and toured the medical center in Sandpoint, Idaho as well as having a firm knowledge for decades, the care provided in the Sun Valley/Ketchum area.

11.    My curriculum vitae ("CV") is attached and incorporated to this Declaration as "Exhibit 1." My CV includes a list of publications that I have authored in the last ten (10) years.

12.    A list of the cases in which I have testified as an expert in discovery and/or at

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 3

trial in the last four (4) years is attached and incorporated to this Declaration as "Exhibit 2."

## Compensation

13.    I am being compensated at a rate of four-hundred and fifty dollars ($450.00) per hour. My compensation is in no way contingent upon the outcome of this litigation, and I have no financial stake in any outcome.

## Scope of Expert Opinion

14.    I have been asked to render an opinion on whether the actions and omissions of representatives of St. Alphonsus Hospital–Nampa, in providing health care to Julene D. Dodd between August 16, 2017 and August 19, 2017, fell below the applicable standard of care owed by providers of health care in the community of Ada County, Idaho to a patient with respect to (a) performance of an elective Nissen fundoplication procedure to correct a hiatal hernia is performed, and/or (b) administration of postoperative care and monitoring of the patient's condition prior to the discovery of sepsis in the patient necessitating remedial surgery (the "Alleged Medical Malpractice"). These opinions have been solicited for the purposes of demonstrating that Plaintiffs would have a reasonable likelihood of success in establishing a breach of the aforementioned standard of care had they provided evidence of the Alleged Medical Malpractice in an action against St. Alphonsus Hospital.

15.    I have actual professional knowledge and experience in the specialty and area of practice in which this opinion is given and circumstances that relate to the Alleged Medical Malpractice, specifically the proper and safe technique in performing a laparoscopic hiatal hernia repair and the postoperative care of the patient.

## Information Considered in Forming the Expert Opinion

16.    I reviewed and considered the following information in conjunction when

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 4

preparing the expert opinion report attached to this Declaration and in forming the underlying opinions upon which that report is based:

a. The records documenting the health care Julene Dodd received at St. Alphonsus Medical Center—Nampa as contained in Plaintiffs' document production (Bates number range: PL000001-PL026798), which I was provided in its entirety between May 17, 2022 and June 9, 2022;

b. Defendants' Subpoena to Saint Alphonsus Medical Center–Nampa, dated May 16, 2022 ("Defendants' Original Subpoena"), which I was provided on or about August 23, 2022, and which commands the production of

> "any and all nursing progress notes, physician's orders and recovery room records for the Plaintiff, Julene Dodd for the hospitalization 08/16/2017 through 08/19/2017, including electronically stored nursing progress notes, physician's orders and recovery room records for the period 08/16/2017 through 08/19/2017…";

c. Saint Alphonsus Medical Center–Nampa's response to Defendants' Original Subpoena, consisting of 638 pages (Bates number range: CL0301-C0938), which I was provided on or about August 23, 2022; Defendants' Amended Subpoena to Saint Alphonsus Medical Center – Nampa, dated July 13, 2022 ("Defendants' Amended Subpoena"), which I was provided on or about August 3, 2022, and which commands the production of "any and all nursing progress notes, physician's orders and recovery room records for the Plaintiff, Julene Dodd, dob 12/05/1951, for the hospitalization 08/16/2017 through 08/19/2017, including electronically stored nursing progress notes, physician's orders and

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 5

recovery room records for the period 08/16/2017 through 08/19/2017, by the date specified below…";

d.    Saint Alphonsus Medical Center–Nampa's response to Defendants' Amended Subpoena, consisting of 299 pages and a Certificate of Authenticity, dated July 25, 2022, which I was provided on or about August 3, 2022;

e.    Deposition Testimony of Defendant, Rory Jones, given in this matter, which I was provided on or about August 1, 2022;

f.    The Declaration of Julene D. Dodd in support of Plaintiffs' Motion for Partial Summary Judgment;

g.    Additional materials provided to me after the issuance of my initial report, specifically Defendants labeled with Bates numbers CL 0301-CL 1034, and a non-Bates numbered set of records produced by Defendants to Plaintiffs on August 3, 2022;

h.    The Declaration of Forrest Fredline, DO dated October 28, 2022 including ninety-three (93) pages of documents; and

i.    Defendants' Motion to Strike my initial declaration, dated September 9, 2022.

17.    In addition, from my review of the materials above, I have made the following factual assumptions:

a.    That Plaintiffs engaged the Defendants in this action to prosecute a medical malpractice action against St. Alphonsus Hospital and Dr. Forrest Fredline;

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 6

b.  That the Defendants failed to timely file the medical malpractice action;

c.  That no expert witness had been engaged by the Defendants to provide an opinion on the issues relevant to a medical malpractice claim; and

d.  That no opinion reports were produced by, or in connection with, any qualified expert witnesses at Defendants' behest or otherwise on behalf of Plaintiffs in the medical malpractice action.

18.  I am not a legal expert and have not been asked to render a legal opinion. The statements of law recited below were provided by counsel: in Idaho, a legal malpractice plaintiff must demonstrate "some chance of success" in the underlying case. This means that a legal malpractice plaintiff whose underlying case was medical malpractice must prove she had some chance of securing a favorable verdict or settlement in the underlying case. She need only present sufficient evidence to withstand summary judgment.

**Local Standard of Care Applicable to Medical Malpractice**

19.  Relevant to my familiarity with the standard of care for healthcare in the community that was provided to Ms. Dodd, and as stated above: (a) I served as a locum tenens general and trauma surgeon at Portneuf Medical Center in Pocatello, Idaho from 2016-2018. I am familiar with the care in Idaho Falls, Idaho and have toured the medical center, EIRMC. I toured St. Alphonsus Medical Center in the early 2000s as a visitor/consultant on acute care surgery, interviewed in Nampa, Idaho for a private practice general surgical position, interviewed and practiced as a locum tenens surgeon in Gooding, Idaho and interviewed for a general surgical position in Caldwell, Idaho. I have also interviewed and toured the medical center in Sandpoint, Idaho as well as having a firm knowledge for decades, the care provided in the Sun Valley/Ketchum area. I have actual professional knowledge and experience in the

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 7

specialty and area of practice in which this opinion is given, specifically the proper and safe technique in performing a laparoscopic hiatal hernia repair and the postoperative care of that patient. That is, I am familiar with the local standard of care for this operative procedure and the postoperative care of a patient who has undergone a laparoscopic hiatal hernia repair as that standard of care existed in Nampa, Idaho in 2017. I have actual knowledge of the standard of healthcare practice (in the community where the treatment at issue was provided) that should have been followed in providing care to Ms. Dodd at the time it was provided. My familiarity with that standard of care is based upon substantial practice experience in Idaho and familiarity with the standard of care applicable to the medical community overall. Further, in connection with the preparation of my expert opinion in this case, I re-confirmed the standard of care applicable to the healthcare services provided to Ms. Dodd at the time they were conducted through consultation with a gastrointestinal and endoscopic surgeon with over thirty years of practice based in Ada County, Idaho.

### Expert Opinions

20.    Based on the foregoing, I have prepared an amended report of expert opinions, which is attached and incorporated to this Declaration as "Exhibit 3." The amendment was intended to clarify and specify certain bases for the information and no opinions have been changed in the process. The opinions reached, along with the salient factors upon which those opinions are based, include the following:

21.    On August 19, 2017, there are strong indications that Julene Dodd had earlier deterioration than the vitals and physical findings identified by the covering PA around 0800. *See* Exhibit 3 and citations thereto.

22.    There is substantial deterioration in pulse rate, severe tachypnea, low blood

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 8

pressure, oxygen desaturation and abdominal symptoms that within reasonable medical certainty and probability were present much earlier and very probable in the late evening of August 18, 2017 representing a delay in initiating definitive care. *See id.*

23.    There is no question that the earlier an incidental enterotomy is identified and repaired the lower the incidence of full outright sepsis and septic shock with organ failure and subsequent abscess formation. *See id.*

24.    Dr. Forrest R. Fredline, DO, St. Alphonsus Hospital and the healthcare providers failed to properly respond to the significant worsening signs, symptoms, and complaints of Julene Dunn postoperatively. Further studies were necessary and early return to surgery was warranted before worsening sepsis and septic shock. Failure to recognize, response and give proper treatment were all causative within reasonable medical certainty and probability. Aggressive hydration, broad spectrum antibiotics, and emergent surgical intervention was mandatory. Thus, Forrest R. Fredline, DO, St Alphonsus Hospital and their healthcare providers negligently failed to meet the applicable local standard of healthcare practice of the Treasure Valley, Idaho community as such existed at the time of Julene Dodd's surgery and care occurred with the respect to the class to which they belong, including the capacity in which they were functioning.

25.    As a direct result of the breach in the standard of care, Julene Dodd suffered from sepsis, was admitted into the ICU on full ventilatory support with pulmonary failure, renal failure and the subsequent development of complex abscess formation due to the delay in care. The information produced by Defendants since my original report of expert opinion and declaration were made do not provide any facts or records that would alter, much less contradict, the opinions I formed originally and are supplementing through this amended declaration.

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 9

26.    Julene Dodd was exposed to unnecessary radiation exposure, antibiotics, and other painful care. *See id.*

27.    In addition, there would never have been the clinical complication of acute intracranial changes with parenchymal hematoma, multiple hemorrhages, and leptomeningeal enhancement.

## Relevance of Opinion to Claims

28.    Upon information and belief, the Plaintiffs have filed suit against the Defendants in this matter for legal malpractice by virtue of their [Defendants'] alleged failure to timely file a medical malpractice action against St. Alphonsus Hospital and Dr. Forrest Fredline.

29.    Based upon the foregoing information and the expert opinion report attached to this Declaration, it is my expert opinion that Plaintiffs would have demonstrated to at least a reasonable degree of certainty that the healthcare providers named as Defendants in the underlying action fell below the prevailing standard of care in the community in which the services were provided. *See id.*

## Reservation of Rights

30.    I reserve the right to further supplement or amend my opinion if new information or evidence is brought to my attention. I also reserve the right to rebut any testimony or arguments that may be relied upon or made by the Plaintiff. I have not yet decided on what I exhibits I may use if called upon to testify at any hearing or at trial in this matter and I therefore reserve my right to illustrate my testimony with demonstrative exhibits.

31.    No statement made in this Declaration is intended to, or shall be construed as, a waiver of all protections against discoverability of expert witness communications with Plaintiffs' counsel.

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 10

I declare, under penalty of perjury under the laws of the State of Idaho, that the foregoing is true and correct.

Executed on November 18, 2022 at Gardnerville, Nevada:

Fred Simon, M.D.

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 19 November 2022 I caused a true and correct copy of the above document to be served by the method indicated below, and addressed to the following:

| Gary L. Cooper<br>J. D. Oborn<br>COOPER & LARSEN, CHARTERED<br>151 North Third Avenue, Second Floor<br>Pocatello, Idaho 83205-4229<br>Telephone: (208) 235-1145<br>Facsimile: (208) 235-1182<br>gary@cooper-larsen.com<br>jd@cooper-larsen.com<br>E-filing: cooperobornfiling@cooper-larsen.com | ☐ U.S. First Class Mail, Postage Prepaid<br>☐ Hand-Delivered<br>☐ Overnight Delivery<br>☐ Facsimile<br>☒ Email<br>☒ Electronic Court Filing/Service |
|---|---|



/s/ Angelo L. Rosa

Angelo L. Rosa

**AMENDED DECLARATION OF FRED SIMON, M.D. IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY** – Page 11

## EXHIBIT 1
### TO
**AMENDED DECLARATION OF FRED SIMON, M.D.
IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO LIABILITY**

# Dr. Fred J. Simon Jr. M.D.

656 Margarita Avenue, Coronado, CA 92118
223 Mountain Reach Ct. Gardnerville, Nevada 89460
E-mail: fjsmountainreach@gmail.com
Cell: 619-990-1344

CV UPDATED June 26, 2022

## EDUCATION

Loma Linda University – BA Biology Degree 5/1976
Creighton University- Medical Degree 5/1981

## TRAINING

Creighton University-Surgical Internship (Gen. Surgery-Orthopaedics) Subspecialty Tract 7/1981-6/1982
Chief of Surgery: Dr. Claude Organ Jr.

2nd year General Surgical Resident 7/1982-6/1983 (non-pyramid program)

University of Massachusetts: Surgical Residency 7/1983 to 6/1986 (non-pyramid program) Chief of Surgery: Dr. Brownell Wheeler

Lahey Clinic: Pancreatic-Biliary Fellowship: Dr. JW Braasch

Medical Training Centers of America (Houston Laser) ACCME certificate: Laparoscopic Cholecystectomy 1991
Trauma Ultrasound Course 11th Annual Colorado Trauma Symposium: certificate
ATLS- Expiration 8/2025
BLS-6/2023

## CURRENT PROFESSIONAL AFFILIATION – ACTIVE PRACTICE

Board Certified – American Board of Surgery, General Surgery, Re-certified 2012
Board Certified – American Board of Surgery, Intensive Care Medicine 1995-2005 (not re-certified)

Acute Care Surgeon – Acting Medical Director Scripps Encinitas Surgicalist Hospital Program: Encinitas, California 2013-2020

Retroperitoneal Approach Surgeon for Spinal Fusions and Spine Assist-Surgeon- Scripps Mercy Hospital: San Diego, California

Medical Director of Tactical Air Operations Airborne Parachute Training USN Seal Teams

MEDICAL STAFF AFFILIATIONS – ACTIVE CURRENT PRACTICE

Scripps Mercy Hospital- San Diego, CA
Banner-Lassen Medical Center-Susanville, CA
Health One North Suburban Medical Center- Thornton, Colorado
Colorado Plains Medical Center-Ft. Morgan, Colorado
Gunnison Valley


PAST PROFESSIONAL HISTORY

 1971- 1978 Certified Operating Room Technician

6/1986-4/1987 Junior Attending University of Massachusetts Medical Center

4/1987 -1/1988 Bell's Palsy Illness/ER locums

1/1988-1/1989 Volunteer General Surgeon Indian Public Health System: Shiprock, New Mexico

3/1990 – Present: Trauma & General Surgeon - Mercy Hospital, San Diego, CA.   Level 1 Trauma Center
　　1) Medical Director of Surgical Trauma Resident Training, Affiliation Balboa Naval Hospital
　　　 General Surgery & Emergency Room Residency Programs 3/1990-1/1993
　　2) Medical Director of Trauma Research 1/1993-7/1995
　　3) Retroperitoneal Access Surgeon & Spinal Surgical Assist Surgeon 2/2000-2020

7/1997- 12/2011Trauma & General Surgery- Scripps Memorial Hospital, La Jolla, California Level II
　　 Trauma Center
　　1) Associate Medical Director 7/1997-3/2000
　　2) Medical Director of Trauma 3/2000-7/2011
　　3) Medical Director of Trauma Intensive Care Unit 3/2000-7/2011

10/2002 to 2020 General Surgeon Scripps Memorial Encinitas Hospital, Encinitas California
　　1) Medical Director Surgical Hospitalist Program 10/2013 to 10/2019
　　　 Senior Associate of Encinitas Surgical Associates 10/2013 to 2020
　　2) Retroperitoneal Access Surgeon & Spine Surgical Assist Surgeon 10/1998 to present

PAST ADMINISTRATIVE POSITIONS

　　1) Medical Director of Trauma
　　2) Medical Director of the Intensive Care Unit
　　3) Medical Director of Resident Education
　　4) Chief of Surgery
　　5) Medical Director of The Operating Room
　　6) Medical Director of Surgical Services
　　7) Medical Director of Surgical Hospitalist Program
　　8) Medic Director of trauma training: Camp Pendleton

CAREER PROFESSIONAL MEMBERSHIPS

American Association of Physicians and Surgeons
Union of American Physicians & Dentists #174500
Southern California Regional Trauma Coordinating Committee
Member Southern California District # 6 Committee on Applicants of the American College of Surgeons
American College of Surgeons
American Medical Association
Society of Critical Care Medicine

CURRENT MEDICAL LICENSES

Idaho-active

Colorado-active

Delaware-active

Nevada-active

Presentations-Meetings-Publications:

University of Maryland R Adams Shock Trauma Center – Peritoneal Lavage Safety with low complication
National Trauma Symposium; Baltimore Maryland 1996 Lecture

University of Maryland R Adams Shock Trauma Center- O-Negative blood use and complications in Trauma
Patients: National Trauma Symposium; Baltimore Maryland 1997 Lecture

Society of Critical Care Medicine- O- Negative blood use and complications in Trauma Patients
San Diego, CA 1997 Lecture

Angiographic embolization and the limited use of skeletal fixation in the management of hemorrhage from
pelvic fractures-AAST Waikola Hawaii 1997 Poster Presentation

Massive Thoracic exsanguination from fracture and distraction of the vertebral column-Southwest Surgical
Congress: Rancho Mirage, CA 2007 Lecture

Comparison of operative and non-operative management of blunt splenic injury: A 5-year review
Southwest Surgical Congress: Rancho Mirage, CA 2007 Lecture

Splenic Embolization: " The Non-Cutting Edge" AAST New Orleans, Louisiana 2006 Poster Presentation

Immunologic Function Following Splenic Embolization for Trauma: AAST 2008 Poster Presentation

Decompressive Craniectomy for Severe Brain Injury: Lessons Learned: AAST 2008 Poster Presentation

Pelvic Embolization in complex pelvic fractures: Society of Critical Care Medicine: San Diego, CA 1992

Published Articles:

Immunologic Function following Splenic Embolization For Trauma—Is There A Difference
J Trauma 67(2): 289-295,2009

Both Hypoxemia and Extreme Hypoxemia May Be Detrimental In Patients With Severe Traumatic
Brain Injury J Neurotrauma 26(12): 2217-23, 2002

**EXHIBIT 2**
**TO**
**AMENDED DECLARATION OF FRED SIMON, M.D.**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL**
**SUMMARY JUDGMENT AS TO LIABILITY**

# Fred J. Simon, Jr., M.D.

**Trauma – Critical Care – General Surgery**
**223 Mountain Reach Ct.**
**Gardnerville, Nevada 89460**

Depositions 2018

March 1, 2018
Ackerschott v Mountain View Hospital
Attorney: Pedersen & Whitehead 161 Avenue S Suite 301 Twin Falls, Idaho 83303-2349
TRIAL- April 16, 2018

March 3, 2018
Crawford, Sandra v Charles D,. Criggler M.D. et al File 16-C-7
Attorney: Ransom Law Offices 1562 Kanawha Blvd P.O. Box 3589 Charleston, West Virginia 25336-3589

March 22, 2018
Chiles v St. Anthony et al File 15SL-CC03404
Attorney: David Damick One Metropolitan Square Suite 2420 211 N. Broadway St. Louis, MO
314-231–0570

April 16, 2018
Judith Anthony for Estate of Paul Irvin v Levine DO File D-202CV-2016-04519
Attorney: Stephen Lawless 300 Street NW Suite 500 Albuquerque, NM 87102
505-247-1401

April 2018

Lawrence Smith v Seven Hills Surgical Associates File CL 15-0013

Attorney Sid Kirsten 1319 C Enterprise Dr. Lynchburg, VA 24502

434-846-6868

May 23, 2018

Lisa Holbrook v Surgery Group S.C. & Dr. Preston Reilly File 15 L 0070

Attorney: Richard Travis 2175 Point Blvd Suite 150 Elgin, IL 60123

224-276-6541

May 24, 2018

Brinkmeyer v Smokey MTN ER Services & Kevin Garneau PA-C File C17-C-129

Attorney Christopher Nace 1615 New Hampshire Avenue Washington, DC 20036   202-930-0292

May 31, 2018

Dates Buckley v Alawad M.D. et al LFile 2016-CV-3020

Attorney: Tim Van Eman Suite 200 500 SouthFront St. Columbus, Ohio 43215-7628    614-360-4567

JUNE 18, 2018

Lee v Montany & Missouri Delta Medical Center  File 1650-CV 00604 Division 3

Attorney: Eugene Fahrenkrog 7777 Bonhomme Avenue Suite 2100 Clayton, MO  314-241-4567

June 21, 2018

Haksluto v Mt. Clemens Regional Medical Center et al File 14-2556-NH18, 2018

Attorney: Stephen Jenkins 1760 Telegraph Rd. Bloomfield Hills, Ml 48302  248-335-5000

June 25, 2018

Wilson v St. Rita Medical Center et al File G-4801-CI-0201702663

Attorney: Michael Hill 3100 East 45th Street Suite 218 Cleveland, Ohio 216-777-8856

June 28, 2018

Brinson v North Florida Regional Medical Center et al File 01-2016-CA2262

Attorney Marc Warner 5200 SW 91st Terrace Suite 101 Gainsville, FL 32608  353-373-3922

July 6, 2018

Smith-Gray v McLeod Regional Medical Center et al File 2017-CP-21-1763

Attorney: Carter Elliott 119 Screven St. P.O. Box 1405 Georgetown, SC 29442  843-546-0650

July 12, 2018

Casorlari v McAllister DO & Marshall Clinic Effington, IL File 15-L-14

Attorney: Eugene Fahrenkrog 7777Bonhomme Avenue Suite 2100 Clayton, Mo  314-241-4567

July 13, 2018

Rogerio, Leffel v West Florida-PPH, LLC et al File 2017-CA-002673-EX-CLCL

Attorney: Web Brennan 115 South Newport Avenue Tampa, FL 33606 813-254-7770

August 9, 2018

Simmons v Conway Medical center et al

Attorney Carter Elliot 119 Screven St. P.O. Box 1405 Georgetown, SC 29442  843-546-0650

September 5, 2018
William Cochran v Summa Health System

October 10, 2018
James Beemer v Tavarone et al

October 12, 2018
Williams v LAMC

October 13, 2018
Newman v National Healthcare of Leesville, Inc. D/B/A Byrd Regional
Hospital 9447 Division A

October 15, 2018
Gharfeh v Carnival Corporation

October 16, 2018
Nicole DiBattista v Danbury Hospital

November 5, 2018
Rebecca Ball v UPMC et al
Attorney: Patrick Loughren Pittsburgh, PA
TRIAL

November 8, 2018
Rebecca Pineiro v Advocate Health

November 12, 2018
Suarez v Flores, M.D.

December 11, 2018
Allen v St. Luke's Regional Center

Depositions 2019

January 4, 2019
Cox v Tenner et al

March 21, 2019
Nicolai v Pfeifer, DO

April 23, 2019
Barnett/Kifer v Richland Memorial Hospital

May 29, 2019
Winston v Pitt M.D.

June 12, 2019
Miller v Trident Hospital Medical Center

June 14, 2019
Susan Simmons v GHS Partners et al

June 18, 2019
Daniels v Snyder M.D.

June 21, 2019
Burns v Coehn, M.D.

June 28, 2019
Damaso v Plantation General Hospital

August 26, 2019
Mendenhall v Akron General Akron, Ohio

September 10, 2019
William O'Dell Arnold v Jeffrey Manord, M.D.

September 10, 2019
Young v Bethesda North Hospital  Cincinnati, Ohio

September 30, 2019
Hmoud Al-Awamleh v Brian James O'Connell, M.D.

2020

Deposition: Estate of Kelly Ludwig v Cleveland Clinic, et al March 6. 2020
Attorney John Lancione

Deposition: Estate of Linda Hagren v Cristina Guerra, Sacred Heart Health System Inc., d/b/a Sacred Heart Medical Group June 9, 2020
Attorney: Marty Palmer

Deposition: Jerry Bruce Malmay v Larry S. Saski, MD and Capson Physicians Insurance Company September 22. 2020
Attorney: Frank Ferrel

Deposition: Marcia Sanders v VHS Harper-Hutzel Hospital, Inc, L. Brintley MD November 5, 2020
Attorney: Steven Jenkins

Deposition: Estate of Harold Schexnider v Dr. Walter Ledt. Pike Pickett, A.P.R.N. and Sulphur Surgical Clinic November 13. 2020

Deposition: James Hornsby, et al v LouisianaMedical Mutual Insurance Company, et al December 14, 2020
Attorney: Robert Hallack

2020

Deposition: Marcia Sanders v VHS Harper-Hutzel Hospital, Inc, L. Brintley MD
December 21. 2020
Attorney: Steven Jenkins

Deposition: Tiffany D. McAbee v Spartanburg Regional Health Services District: Cause No: 2018-CP-42-1505
December 22. 2020
Attorney: Stephen Lewis

2021

Deposition: Thibodeaux-January 8, 2021
Attorney- Townsley Law Group 3102 Enterprise Blvd Lake Charles, LA
337-478-1400

Deposition: Lysirick Wilson- February 4, 2021 File 17L009308
Attorney- Faklis Tallis & Mead 35 E Wacker Dr. Suite 250 Chicago, IL
60601
312-368-0550

Deposition: Portia Sweat- February 22, 2021 File 2017-00562
Attorney- Scott Fruge 618 Main Street Baton Rouge, LA
225-344-3735

Deposition: Deborah Cain- March 26, 2021 File 1916-CV38642
Attorney- Fowler Pickert Eisenmenger Norfleet, LLC 2345 Grand Blvd Suite
750 Kansas City, MO 64108
816-832-4688

Deposition: Carlos Francisco v Dr. Francisco A. Batlle Batlle et al - March
31, 2021
Attorney- Michelle Pirallo-Di-Cristina, Esq. 1452 Ashford Avenue Suite 304
San Juan, PR 00907-1581

2022

Deposition- Suzanne Wurfel v Ascension Macomb-Oakland Hospital
February 28, 2022
Attorney: Buckfire & Buckfire, P.C.
29000 Inkster Road  Suite 150  Southfield, MI 48034
248-569-4646

Deposition: Marta Neely v Asit Bhatt, M.D. et al March 14, 2022
File D-202-CV-2020-03123
Attorney: Duhigg, Cronin, Spring & Berlin, P.A. P.O. Box 527 Albuquerque, NM
87103
505-243-3751

Fred J. Simon Jr. M.D.
General Surgery-Trauma-Critical Care
656 Margarita Avenue
Coronado, CA 92118
223 Mountain Reach Ct.
Gardnerville, Nevada 89460

Medical-Legal Trials 2016-2022

Jessica R. Dubinsky v Local TV Holdings LLC Case no.
1516-cv06381
Attorney: Wes Shumate 1100 Main St. Ste 2930 Kansas
City, MO
Court house- Kansas City, MO
May 24, 2016

Tejia Miller v Dr. AlSaadi et al. Uniontown, PA
Attorney Rudi Massa 412-338-1800
MAY 8, 2017

Denise Westwood v Dr. Lebovitz Pittsburgh, PA
Attorney: Greg Unatin 412-281-1800
MAY 18, 2017

Ackerschott v Mountain View Hospital Idaho Falls, Idaho
Attorney: Pederson & Whitehead 161th Avenue S Suite 301
Twin Falls, ID  Idaho Falls, ID-Court house
APRIL 16, 2018

Lawrence G. Smith v Seven Hills Surgical Associates, PC & Robert Bass, M.D. Case no. CL 15-0013
Attorney Sid Kirstein 1319 C Enterprise Dr. Lynchburg, VA
Court house: Lynchburg, VA
MAY 2018

Rebecca Ball v UPMC et al Patrick Loughren 310 Grant St. Suite 2800 Pittsburgh, PA
Court house-Pittsburgh, PA
NOVEMBER 5, 2018

Velma Kuehn v Hammond. MD et al Case 13SL-CC004353
Attorney: Eugene Fahrenkrog  Clayton, MO-Court house
JANUARY 9. 2019

Rebecca Piniero v Advocate Health
Attorney: John Ocjovic
Court house-Oak Lawn. Ill
FEBRUARY 21, 2019

Chiles v St Anthonys et al Case 15SL CC03404
Attorney David Damick Clayton, MO-Court house
MARCH 5. 2019

Brinkmeyer v Smoky Mtn ER Services & Kevin R. Garneau
PA-C Case 17-C-129
Attorney Christopher Nace Washington, DC
Court house-Martinsburg, WV
MAY 14. 2019

Tonya Smith-Gray v Mcleod Regional Medical Center John Gause M.D. & James Lee M.D.
Case no. 2017-CP-21-1763
Attorney Carter Elliott 119 Screven St. P.O. Box 1405
Georgetown, SC
Court house-Florence, SC
JULY 6, 2018

Mendenhall v Akron General Attorney Paul Knott,
Cleveland Ohio.
Court house-Akron, Ohio
February 21, 2020

Lorraine Green v United States of America: Attorney John Fox Philadelphia, PA
Court house-Harrisburg, PA
November 18, 2020

TRIALS: 2021

October 6, 2021
Marcia Sanders v VHS Harper-Hutzel Hospital, Inc. L. Brintley, M.D.
Attorney: Stephen Jenkins 1760 Telegraph Rd. Bloomfield Hills, MI
48302  248-335-5000

**EXHIBIT 3**
**TO**
**AMENDED DECLARATION OF FRED SIMON, M.D.**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL**
**SUMMARY JUDGMENT AS TO LIABILITY**

FRED J. SIMON JR., M.D.
GENERAL SURGERY-TRAUMA-CRITICAL CARE
656 MARGARITA AVENUE  CORONADO, CALIFORNIA 92118
223 MOUNTAIN REACH CT. GARDNERVILLE, NEVADA  89460
619-990-1344


November 16, 2022


Angelo L. Rosa
Rosa PLLC
Ste 1100
Boise, Idaho 83702

Re: Julene Dodd 12/5/1951

AMENDED REPORT


Dear Mr. Rosa:


This is a supplement to the report of expert opinions submitted to you on or about September 9, 2022. The principle reasons for these amendments are (1) to clarify which records support which statements; (2) to clarify the information upon which my familiarity with the standard of care relevant to the community in which the healthcare services at issue were rendered; and (3) to provide a preliminary assessment of the materials submitted by the defendants in this matter that post-date my initial report.

I am a board-certified General Surgeon practicing General Surgery in the community of Fort Morgan Colorado, Thornton Colorado and Gunnison Valley Health, Gunnison Colorado with previous added qualifications in Critical Care Medicine by the American Board of Surgery. I have been in active practice for more than thirty years. I am licensed in the States of Nevada, Idaho, Delaware, and Colorado, in good standing. In my career I have trained surgical and emergency room residents for 12 years and 20 years, respectively. I am Board Certified by the American Board of Surgery, General Surgery, since 1993, Re-certified 2003, Re-certified 2012. I have included my CV with a chronological history. Permanent practice began at Mercy Hospital in San Diego, California in 1990 with consistent general surgery and trauma practice through 2022. I was also in practice in 1997- 2012 Trauma & General Surgery at Scripps Memorial Hospital, La Jolla, California Level 2 Trauma Center doing acute care and elective surgical procedures. I am on my seventh episode of ATLS which is a trauma life support certification. I have also served as an Associate Medical Director from 1997-2000, a Medical Director of Trauma 2000-2012 and a Medical Director of a Trauma Intensive Care Unit from 2000-2012.

Relevant to my familiarity with the standard of care for healthcare in the community that was provided to Ms Dodd: (1) I served as a locum tenens general and trauma surgeon at Portneuf

1

4880-3360-0038, v. 1

Medical Center in Pocatello, Idaho from 2016-2018. I am familiar with the care in Idaho Falls, Idaho and have toured the medical center, EIRMC. I toured St. Alphonsus Medical Center in the early 2000s as a visitor/consultant on acute care surgery, interviewed in Nampa, Idaho for a private practice general surgical position, interviewed and practiced as a locum tenens surgeon in Gooding, Idaho and interviewed for a general surgical position in Caldwell, Idaho. I have also interviewed and toured the medical center in Sandpoint, Idaho as well as having a firm knowledge for decades, the care provided in the Sun Valley/Ketchum area.

I have actual professional knowledge and experience in the specialty and area of practice in which this opinion is given, specifically the proper and safe technique in performing a laparoscopic hiatal hernia repair and the postoperative care of that patient.

I have had the opportunity to review all the medical records from St. Alphonsus Medical Group Nampa provided by your firm and records provided in response to a subpoena submitted by the Defendants in the litigation. The specific records are identified in my declaration dated September 9, 2022. In addition, I have been provided and reviewed supplemental materials consisting of records bearing Bates numbers CL0939-1034 and the Declaration of Forrest Fredline, DO dated October 28, 2022 including ninety-three (93) pages of documents. Based upon my review of these documents and your representation that you provided me, all medical records produced by both parties in the litigation, the citations to documents identified below represent those records that accurately narrate the healthcare services that were (or were not) provided to Ms Dodd. None of the medical records contain indications of (1) post-surgical care "aftercare", appropriate to the surgical procedure; (2) Ms Dodd's interactions with the nursing staff; (3) appropriate responses by nursing staff to Ms Dodd"s complaints of discomfort/pain; (4) the presence of pain beyond the area proximate to the surgical incisions; (5) accurate monitoring of vital statistics for the medical care of Julene Dodd between August 16 through the emergency surgery of August 19, 2017. Additional materials provided to me after the issuance of my initial report (specifically Defendants labeled with Bates numbers CL 0301-CL 1034, and a non-Bates numbered set of records produced byDefendants to Plaintiffs on August 3, 2022 neither change this assessment nor document the provision of post-surgical "aftercare" consistent with the applicable local standard of care. In view of the absent medical records that should include proper post-operative care based on my background, medical experience and voluminous review of medical records for over 35 years I feel quite competent to extrapolate based upon the absence of medical records documenting treatment provided or not provided during the period of August 16 through August 19th of 2017 and offer opinion within reasonable medical certainty and probability based on the provided records regardless of the noted missing records.

Records reviewed span the history from July 21, 2017 through March 29, 2019. Emphasis was placed on medical care August 16 through August 19th of 2017, the dates comprising the surgical procedure and immediate post-surgical care "aftercare" between the time of repair of the hiatal hernia and the documentation of sepsis, Bates numbers PL000001-PL026802

**Background Facts**

Julene Dodd underwent an esophagogastroduodenoscopy with biopsy by Dr. Forrest R. Fredline on July 7, 2017 revealing a large hiatal hernia, gastritis and esophagitis.

On July 24, 2017, biopsy report revealed glandular mucosa with chronic inflamed and reactive changes. PL002686-PL002690

2

4880-3360-0038, v. 1

On August 2, 2017, Julene Dodd underwent high resolution esophageal manometry with the only abnormality noted of esophageal spasm. PL000520-PL000534

On August 4, 2017, Julene Dodd underwent an UGI series double contrast that revealed a very large hiatal hernia with approximately 75 % of her stomach in the thorax. PL002677-PL002677

On August 16, 2017, Julene Dodd underwent a laparoscopic fundoplication with hiatal hernia repair by Dr. Forrest R. Fredline with two small complications of a blunt portion of a needle fracture that was left in the abdominal cavity and a small rent in the pleura with no pneumothorax revealed. PL002451-PL002457

Postoperative day one, August 17, 2017 was recorded with vitals and a note by Dr. Forrest R. Fredline at 2205. PL019790 Plan per Dr. Fredline was clears today, fulls tomorrow and hopefully home tomorrow. Vitals included a temperature of 100.1, a pulse rate of 71, respiratory rate of 24, blood pressure of 130/82 and an oxygen saturation of 97 %. There are no nursing notes to review. A morning note had been created by Michael Mc Comb, PA.PL019791

Postoperative day two, August 18, 2017 was documented with a progress note by Dr. Forrest R. Fredline at 0626. Dr. Fredline documented a plan for a full liquid diet, ambulate today and anticipate home tomorrow. There were no nursing notes to review for the entire day on August 18, 2017. The materials provided after September 9, 2022 and with the Declaration of Forrest Fredline, DO do not identify the post-surgical care "aftercare" or healthcare that meets the governing standard of care. CL 0301-CL 1034

Postoperative day three, August 19, 2017 was documented with an early morning note by Jason Overocker, PA. Vitals recorded with a temperature of 98.6. pulse rate of 111, respiratory rate of 38, blood pressure of 108/73 and an oxygen saturation of 93 %. The vitals are a substantial change from the vitals of August 18, 2017 in a patient anticipated to be discharged. The physical exam revealed a distended abdomen and a painful abdomen. Subsequently a KUB at 1204 led to a CT scan of the abdomen-pelvis that was reported to the ICU nurse Shantel at 1327. Dr. Forrest R. Fredline documented at 2041 the findings of the CT scan and prepared Julene Dodd for abdominal exploration. In the late evening, a jejunal enterotomy of 50 % bowel wall size was identified with gross contamination of the entire abdominal cavity with enteric contents. The operation was completed and Julene Dodd was placed in the intensive care unit on a ventilator. There are no nursing notes to review. The materials provided after September 9, 2022 with the Declaration of Forrest Fredline, DO do not identify the post-surgical care "aftercare" or healthcare that meets the governing standard of care. CL 0301-CL 1034

**Standard of Care and Locality Specfics**

**I am familiar with the local standard of care for this operative procedure and the postoperative care of a patient who has undergone a laparoscopic hiatal hernia repair as that standard of care existed in Nampa, Idaho in 2017. I have actual knowledge of the standard of healthcare practice (in the community where the treatment at issue was provided) that should have been followed in providing care to Ms Dodd at the time it was provided. My familiarity with that standard of care is based upon substantial practice experience in Idaho and familiarity with the standard of care applicable to the medical community overall. Further, I re-confirmed the standard of care applicable to the**

3

**healthcare services at issue through consultation with a gastrointestinal and endoscopic surgeon with over thirty years of practice based in Ada County, Idaho.**

**Specifically to meet the standard of care, the St. Alphonsus Medical Center staff (including Dr. Fredline and the post-operative providers) should have complied with that local standard of care.**

**Thus, Forrest R. Fredline, DO, St Alphonsus Hospital and their healthcare providers negligently failed to meet the applicable local standard of healthcare practice of the Treasure Valley, Idaho community as such existed at the time of Julene Dodd's surgery and care occurred with the respect to the class to which they belong, including the capacity they were functioning as.**

### Breach of the Standard of Care

On August 19, 2017, there are strong indications that Julene Dodd had earlier deterioration than the vitals and physical findings identified by the covering PA around 0800. There is substantial deterioration in pulse rate, severe tachypnea, low blood pressure, oxygen desaturation and abdominal symptoms that within reasonable medical certainty and probability were present much earlier and very probable in the late evening of August 18, 2017 representing a delay in initiating definitive care. There is no question the earlier an incidental enterotomy is identified and repaired the lower the incidence of full outright sepsis and septic shock with organ failure and subsequent abscess formation.

### Injuries Caused from the Breach of the Standards of Care

As a direct result of the breach in the standard of care, Julene Dodd suffered from sepsis, was admitted into the ICU on full ventilatory support with pulmonary failure, renal failure and the subsequent development of complex abscess formation due to the delay in care. Julene Dodd was exposed to unnecessary radiation exposure, antibiotics and other painful care. In addition, there would never have been the clinical complication of acute intracranial changes with parenchymal hematoma, multiple hemorrhages and leptomeningeal enhancement.

### Conclusion

It is my opinion based upon a reasonable degree of medical probability and certainty that St. Alphonsus Medical Group Nampa and Dr. Forrest R. Fredline fell below the standard of care in the postoperative care of Julene Dodd. This breach in the standard of care caused prolonged hospital care for an elective operative procedure, economic debility, multiple unnecessary readmissions, pulmonary failure, renal failure, radiation exposure, overexposure to medications, pain and suffering. The medical options set forth in this report represent my opinions in a format that is intended to provide the defendants and the court the basis to understand why I believe that this is a meritorious medical liability case. I reserve the right to amend the medical opinions set forth in this report as more information is provided to me for review.

Sincerely,

Fred J. Simon, Jr., M.D.

4

Electronically Filed
11/21/2022 10:12 AM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: Gena Foley, Deputy Clerk

Gary L. Cooper - Idaho State Bar #1814
J. D. Oborn - Idaho State Bar #9294
COOPER & LARSEN, CHARTERED
151 North Third Avenue, Second Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone:    (208) 235-1145
Facsimile:    (208) 235-1182
Email:        gary@cooper-larsen.com
              jd@cooper-larsen.com
E-filing:     cooperobornfiling@cooper-larsen.com

*Counsel for Defendants*

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| JULENE DODD, as an individual and member of a marital community under Idaho law, and WILLIAM DODD, as an individual and member of a martial community under Idaho law,<br><br>Plaintiffs,<br><br>vs.<br><br>RORY JONES, ESQ., an individual residing in the State of Idaho and JONES WILLIAMS FUHRMAN GOURLEY, P. A., an Idaho professional service corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  CV01-21-18926<br><br>**NOTICE OF VACATING REMOTE DEPOSITION OF FRED J. SIMON, JR. M.D.** |

PLEASE TAKE NOTICE that the Defendants hereby vacate the deposition of Fred J. Simon, Jr. M.D., which has been scheduled for Tuesday, November 22, 2022, at 10:00 a.m., on the grounds and for the reason that Dr. Simon and counsel for Plaintiffs late-supplemented Plaintiffs' Expert Witness Disclosure with a new disclosure and revision to the narrative report

**NOTICE VACATING DEPOSITION OF FRED J. SIMON, JR. M.D.  -  PAGE 1**

previously submitted by Dr. Simon. This late-supplementation was received at approximately 6:05 PM on Saturday, November 19, 2022. There is insufficient time to prepare for this new information prior to the scheduled deposition time and because the late-supplementation does not comply with the Court's Order Governing Proceedings and Setting Trial (Jury Trial), the supplementation may not even be admissible. Therefore, Defendants submit that the admissibility of the new supplemented material will need to be resolved at the hearings scheduled for January 9, 2023. Defendants reserve the right to depose Dr. Simon prior to the expert discovery deadline of April 3, 2023 and will tentatively re-schedule Dr. Simon's deposition for March 21, 2023.

DATED this 21st day of November, 2022.


/s/ Gary L. Cooper
GARY L. COOPER

**NOTICE VACATING DEPOSITION OF FRED J. SIMON, JR. M.D. - PAGE 2**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of November, 2022, I electronically filed the

foregoing with the Clerk of the Court using the Idaho I-Court E-File system and requested that a

Notice of Filing be sent to the following persons:

Angelo L. Rosa
Mary S. Amschel
ROSA PLLC
950 W Bannock Street, Suite 1100
Boise, ID  83702
arosa@rosacommerce.com
mamschel@rosacommerce.com


Sent via email to:

M&M Court Reporting


/s/ Gary L. Cooper
GARY L. COOPER


**NOTICE VACATING DEPOSITION OF FRED J. SIMON, JR. M.D.  -  PAGE 3**

Electronically Filed
12/2/2022 12:55 PM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: Katee Hysell, Deputy Clerk

Gary L. Cooper - Idaho State Bar #1814
J. D. Oborn - Idaho State Bar #9294
COOPER & LARSEN, CHARTERED
151 North Third Avenue, Second Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone:    (208) 235-1145
Facsimile:    (208) 235-1182
Email:        gary@cooper-larsen.com
              jd@cooper-larsen.com
E-filing:     cooperobornfiling@cooper-larsen.com

*Counsel for Defendants*

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| JULENE DODD, as an individual and member of a marital community under Idaho law, and WILLIAM DODD, as an individual and member of a martial community under Idaho law,<br><br>Plaintiffs,<br><br>vs.<br><br>RORY JONES, ESQ., an individual residing in the State of Idaho and JONES WILLIAMS FUHRMAN GOURLEY, P. A., an Idaho professional service corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  CV01-21-18926<br><br>**NOTICE OF DEPOSITION OF FORREST FREDLINE, M.D. DUCES TECUM** |

PLEASE TAKE NOTICE that the Defendants will take the in-person oral deposition of

**FORREST FREDLINE, M.D.,** on **Wednesday, December 7, 2022, at 3:30 p.m.,** before a

certified court reporter at the offices of Duke Evett, PLLC, 1087 W. River Street, Suite 300,

Boise, Idaho.  The deposition will be taken pursuant to the Idaho Rules of Civil Procedure

**NOTICE OF DEPOSITION OF FORREST FREDLINE, M.D. DUCES TECUM  -  PAGE 1**

for the purpose of preserving the deponent's testimony for all purposes.  The deposition will continue from day to day until completed or adjourned pursuant to stipulation of counsel.

PLEASE TAKE FURTHER NOTICE that the deposition will take place on oral examination before a notary public or other person authorized to administer oaths and will be recorded by all methods permitted by the Idaho Rules of Civil Procedure, including (without limitation) by video, audio, and stenographic means and shall include any form of real-time reporting and bridging.  Defendants reserve the right to conduct the deposition by remote participation, including (without limitation) teleconferencing, Zoom and/or other methods as may be appropriate, but intend to be in person for the deposition unless circumstances change.

**DEPONENT IS REQUESTED TO HAVE THE FOLLOWING DOCUMENTS AVAILABLE FOR INSPECTION, COPYING AND USE DURING THE DEPOSITION:**

A true and correct authenticated copy of the medical records created and maintained by Saint Alphonsus Medical Center – Nampa, Saint Alphonsus Medical Group and Dr. Forrest Fredline for the evaluation, diagnosis, treatment and care provided to Julene Dodd beginning July 20, 2017 through and including her discharge from Saint Alphonsus Medical Center – Nampa on September 19, 2017.

DATED this 2nd day of December, 2022.

/s/ Gary L. Cooper
GARY L. COOPER

**NOTICE OF DEPOSITION OF FORREST FREDLINE, M.D. DUCES TECUM  -  PAGE 2**