Angelo L. Rosa (Idaho State Bar No. 7546)
ROSA, PLLC
950 West Bannock Street, Suite 1100
Boise, Idaho 83702
Telephone No. +1 (208) 900-6525
Facsimile No. +1 (208) 515-2203
E-mail: arosa@rosacommerce.com
CM/ECF: arosa@rosacommerce.com

Attorneys for Plaintiff
ANGELO L. ROSA, in Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANGELO L. ROSA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH N. PIRTLE, in his official capacity as Bar Counsel of the Idaho State Bar; CHIEF JUSTICE G. RICHARD BEVAN, ASSOCIATE JUSTICE ROBYN BRODY, ASSOCIATE JUSTICE GREGORY W. MOELLER, ASSOCIATE JUSTICE COLLEEN D. ZAHN, and CYNTHIA K.C. MEYER, Justices of the Idaho Supreme Court, each solely in their administrative, enforcement and rulemaking capacities relating to the regulation of the practice of law in the State of Idaho,<br><br>Defendants. | Case No. 26-cv-484-DKG<br><br>**PLAINTIFF'S MOTION TO EXPEDITE PRELIMINARY INJUNCTION PROCEEDINGS** |

ROSA PLLC Commercial Advising & Legal Counsel

**EXPEDITED TREATMENT REQUESTED**

COMES NOW Plaintiff, ANGELO L. ROSA ("Plaintiff") and, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 1 and 65 and this Court's inherent authority over its own docket, respectfully moves this Court for an order (1) setting an expedited schedule for the briefing and hearing of Plaintiff's Motion for a Preliminary Injunction, filed concurrently herewith; (2) setting an evidentiary hearing upon that Motion; and (3) providing for the prompt initiation of any designation process occasioned by recusal.

Good cause exists to grant this Motion for the following reasons:

1. This action seeks exclusively prospective relief from the threatened enforcement of three Idaho Rules of Professional Conduct against Plaintiff's criticism of the Idaho judiciary—criticism advanced in appellate briefing, in the press, and in scholarship, and substantiated throughout by the record and by official public documents. The injury is not prospective only; it is ongoing. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion). As set forth in the accompanying Motion and Declaration, Plaintiff has withheld a completed study of the Idaho judiciary from national publication, and has curtailed public commentary he would otherwise make, under the threat of professional discipline. Each week of delay prolongs that deprivation.

2. Events will not wait upon an ordinary schedule. Under Idaho Bar Commission Rule 511(a)–(b), Bar Counsel may at any time seek the approval of the Board of Commissioners of the Idaho State Bar to file a Formal Charge complaint—the very act the accompanying Motion asks this Court to restrain. The disciplinary file at issue has been open since March 3, 2025; no limitations period constrains it, I.B.C.R. 525(o); and Defendants have not disavowed enforcement.

3. Prompt adjudication also preserves this Court's ability to decide the federal questions presented upon a complete record. This District has stated the governing principle in terms that bear directly upon the schedule: state proceedings are treated as ongoing for abstention purposes "if they are initiated before any proceedings of substance on the merits have taken place in the federal court," *Nationwide Biweekly Administration, Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017), and abstention principles continue to apply where, "at this early stage in the litigation[,] the Court has not yet weighed in on the merits of Plaintiff's claims." *Witzke v. Idaho State Bar*, 2023 U.S. Dist. LEXIS 83534, at *25 (D. Idaho May 11, 2023). No state disciplinary proceeding exists today. Plaintiff seeks expedition so that, should one be commenced, this Court will have reached the merits first.*

4. The Motion presents fact-intensive showings—the concrete chill of Plaintiff's continuing speech; the enforcement history of the challenged rules; and the structure and operation of Idaho's attorney-disciplinary machinery—that will benefit from live testimony and a developed evidentiary record. Plaintiff accordingly requests that the Court set an evidentiary hearing upon the Motion. *Cf. Adultworld Bookstore v. City of Fresno*, 758 F.2d 1348, 1350–51 (9th Cir. 1985).

5. Plaintiff proposes the following schedule: (a) Defendants' opposition to the Motion for a Preliminary Injunction to be filed within fourteen (14) days of service; (b) Plaintiff's reply to be filed within seven (7) days thereafter; and (c) an evidentiary hearing to be held at the Court's earliest convenience, and in any event within thirty (30) days of the filing of this Motion. Plaintiff will accommodate any schedule convenient to the Court that preserves prompt resolution, and stands ready to appear upon such notice as the Court directs.

6. Concurrently with this Motion, Plaintiff files his written consent to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) and District of

Idaho Local Civil Rule 72.1(a)(1). Plaintiff notes the consequence of the alternative, not to press any party but so that the calendar may be built with it in view. Absent the consent of all parties, a motion for injunctive relief is excepted from a Magistrate Judge's determination authority, 28 U.S.C. § 636(b)(1)(A), and proceeds instead by proposed findings and recommendations subject to de novo review, id. § 636(b)(1)(B)–(C)—a sequence that would add materially to the interval this Motion asks the Court to compress. Plaintiff consents so that the fastest available path remains open, and takes no position upon the course any other party elects.

7. In terms of potential Section 455 considerations, and prompt designation, Candor requires that Plaintiff note the following. This action names as Defendants, solely in their enforcement, rulemaking, and administrative capacities, the five Justices of the Idaho Supreme Court, and it challenges the structure of attorney discipline administered through the Idaho State Bar. Plaintiff anticipates that judges of this District may conclude that 28 U.S.C. § 455(a)—whose standard is objective, and which is self-executing and requires no motion from any party—warrants consideration. *See In re Creech*, 119 F.4th 1114 (9th Cir. 2024); *United States v. Sibla*, 624 F.2d 864 (9th Cir. 1980). Plaintiff files no motion for recusal, requests no judge's disqualification, and asserts no ground for either. The statute speaks for itself, and its application belongs to each judge in the first instance.

8. Where an action implicates a district's own bench, or judicial officers with whom the district's judges maintain institutional working relationships, assignment to a judge from outside the district is a recognized course. *See United States v. Brandau*, 578 F.3d 1064 (9th Cir. 2009). Designation of a district judge to sit within the circuit is made by the Chief Judge of the Circuit, 28 U.S.C. § 292(b), and intercircuit designation by the Chief Justice of the United States,

ROSA PLLC
Commercial Advising & Legal Counsel
ALR

*id.* § 292(d). *See In re Motor Fuel Temperature Sales Practices Litigation*, 711 F.3d 1050 (10th Cir. 2013).

9. Plaintiff asks only this: that if recusals occur, the designation process be initiated promptly, so that the schedule proposed above survives the interval. The relief this Motion seeks from the Court is scheduling relief; the designation mechanics belong elsewhere, and Plaintiff raises them solely so that the calendar may be built with them in view.

This Motion is not brought for any frivolous or improper reason and is based upon this Notice, the papers filed concurrently herewith, the pleadings and papers on file herein, and such other documentary and/or testimonial evidence as may be considered by the Court when ruling on this Motion.

ROSA PLLC
Commercial Advising & Legal Counsel
ALR

DATED: 3 August 2026

Respectfully Submitted,

For ROSA PLLC:

*/s/Angelo L. Rosa*

Angelo L. Rosa

Attorneys for Plaintiff
ANGELO L. ROSA